[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, 47, and the defendant, 54, married on October 28, 1978 in Tannersville, New York. This action for dissolution was brought by writ and complaint dated September 27, 1995, served on the defendant in hand on the same day, bearing a return date of October 17, 1995. The plaintiff had resided in this state for more than one year prior to commencing this action thereby furnishing this court with jurisdiction.
There are two minor children, issue of the marriage, Ryan C. born December 3, 1981 and Christina C. born June 14, 1984. CT Page 3324
The plaintiff has a B.A. degree from the University of Denver. She has been a homemaker for the last twenty years.
The defendant is a medical doctor. He graduated from the University of North Carolina School of Medicine in 1969, interned at the University of Kentucky in 1969-1970, was employed by Department of Health, Education and Welfare for two years, and then completed a two year residency in family medicine at Duke University Medical Center in July 1974. From that time until 1981 the defendant conducted a private practice in Perquimins County, North Carolina (Plaintiff's Exhibit #1).
In October, 1981 the defendant opened a private practice office in Tuxedo Park, which he maintained until he moved the office to Larchmont, New York. In March, 1996 he closed the office.
A home located at 12 Sunset Road, Old Greenwich was purchased for $475,000 in 1991 and placed in the plaintiff's name.
The defendant was taken to Silver Hill, a private psychiatric facility where he remained for a week. The defendant described it as being bewildered, depressed and abandoned. He is awaiting a hearing in New York concerning the possible loss of his medical license.
The defendant filed a Chapter 7 Bankruptcy petition in White Plains, New York in which he claimed an interest in the Old Greenwich home.
The plaintiff admitted she did not know the source of the down payment for the home. The defendant had filed a bankruptcy petition once before in 1979 or 1980. The court concludes that, although the defendant had the ability at one time to generate a gross income in the range of $300,000 or more, he has not managed his money well.
He is not presently in private practice in any state.
The Old Greenwich home was sold. The trustee released $120,000 to the plaintiff's lawyer who obtained permission to escrow $30,000 for anticipated capital gains tax, $10,000 each to two New York lawyers, $35,000 to the plaintiff's attorney and $35,000 to the plaintiff. Another $125,000 remained in escrow CT Page 3325 until $5,000 was paid to compromise the trustee's claims and $120,000 was released to the plaintiff's attorney.
There is a parcel of real estate in Tannersville, New York consisting of an old inn with 1.25 acres of land that was originally acquired for $1 in the plaintiff's name. It now has a delinquent mortgage. The plaintiff testified, without contradiction, that the mortgagee was demanding $15,000 to reinstate the mortgage. A Caskill lawyer was employed by the plaintiff to defend the plaintiff's claim of an interest. The lawyer was a recipient of $10,000 as mentioned above.
The plaintiff has no current income except for $50 weekly from investments. Her assets are:
 Tannersville equity $30,000 Nags Head, N.C. -$30,000
Zero net equity 0
She has miscellaneous personal property of a tangible nature which she values at $25,500 and bank accounts totaling about $4,000. The only other asset of value, claimed by both parties is the net escrow.
The defendant has been destructive of his finances, family and to his learning capacity. He is currently dealing with medical board complaints. His license may be in jeopardy. The court finds that his current earning capacity is greatly reduced at present, albeit by his own conduct. His admission to Silver Hill is symptomatic of his present circumstances. The defendant probably needs therapy.
The court must deal with the way things are, not as they should be.
The court, having reviewed the evidence in light of the statutory criteria, enters the following.
1. A judgment of dissolution is entered dissolving the marriage on the ground of irretrievable breakdown, all of the complaints, allegations having been proven.
2. The plaintiff is awarded sole custody of the minor children. The defendant is awarded reasonable visitation. CT Page 3326
3. The plaintiff is awarded $1 per year periodic alimony to be paid by the defendant to her until her remarriage, the death of either party, or further court order.
4. The defendant is ordered to pay to the plaintiff the sum of $200 per child per week. The court is basing this order on the record and on the defendant's lack of present earning capacity. It is without prejudice to further support enforcement in the future.
5. The plaintiff is awarded the condominium unit in North Carolina and the Tannersville, New York real estate with its contents, the tangible personal property she now possesses and her bank accounts.
6. The pendente lite orders are preserved to the extent that the arrears of child support of $24,500 accrued to the date of trial and the alimony arrears of $23,000 accrued to the date of trial are both subject to collection.
7. The plaintiff is awarded $100,000 from the escrow as her share of the marital property, and $10,000 to be applied to the child support arrears as found above.
8. The defendant is awarded the remaining $10,000 as his share of the marital property.[1]
9. The parties shall be solely responsible for their respective debts.
10. The defendant shall furnish the plaintiff with a copy of his 1995 and 1996 Federal Income Tax Return Form 1040 within ten days of his filing same.
Counsel for the plaintiff is requested to draft the judgment file.
HARRIGAN, J.